# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Appellate Panel Case No. CC-13-55844

Civil Case No. CV12-6145 MWF (PJWx)

**Matthew F. Gallagher & Melissa A. Gallagher**,

*Plaintiff, and Appellant*

vs.

**U.S. Bancorp, et al.**

*Defendant, and Appellee*

## APPELLANT's OPENING BRIEF

Matthew F. Gallagher
Melissa A. Gallagher
6334 W 80th PL
Los Angeles, CA 90045
Pro Se

**Cases**

*Aguirre v. Cal-W. Reconveyance Corp.*, No. CV 11-6911 CAS (AGRx), 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) ................................................................ 14

***Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696 - Court of Appeals, 9th Circuit 1990** ............................................................................................................... 5

*Bell Atlantic Corp. v. Twobly,* 550 U.S. 544,127 S. Ct. 1955, 1974 (2007) ............ 8

*Borzeka v. Heckler,* 739 F.2d 444, 447 n. 2 (9th Cir.1984) ..................................... 4

Brown v. U.S. Bancorp, No. CV 11-6125 CAS (PJWx), 2012 WL 665900, at *7 (C.D. Cal. Feb. 27, 2012) ........................................................................... 19

*Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676 (7th Cir 2011) ......................... 13

*Chan v. Chancelor,* Civil No. 09cv1839 AJB (CAB), 2011 WL 5914263, at *6 (S.D. Cal. Nov. 28, 2011) ........................................................................... 9

*Christensen v. C.I.R.,* 786 F.2d 1382, 1384-85 (9th Cir.1986)**;** *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) ................................................... 4

***Committee for Reasonable Regulation of Lake Tahoe v. Tahoe Regional Planning Agency,* 365 F. Supp. 2d 1146, 1153 (D. Nev. 2005).** ........................ 6

*Conley v. Gibson,* 355 U.S. 41, 47 (1957). ............................................................. 8

*Connor v. Great W. Sav. & Loan Ass'n,* 69 Cal.2d 850, 864 (1968) .................... 10

*Consul General of Republic of Indonesia v. Bills Rentals, Inc.*, 330 F3d 1041, 1045 (8th Cir 2003) ........................................................................................ 4

***Coos County Bd. of County Commis v. Kempthorne,* 531 F.3d 792, 811 (9th Cir. 2001)** ........................................................................................................ 6

*Cunningham v. RBC Mortgage Co.*, No. CIV S-11-1425 KJM-DAD, 2012 WL 1067550, at *4 (E.D. Cal. Mar. 28, 2012) .............................................. 18

*Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) ................ 20

*Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 11, 124 S. Ct 2301, 159 L.Ed. 2d 98 (2004) ................................................................................... 3

*Eveleigh v. Conness*, 261 Kan. 970, 933 P.2d 675 (1997) .................................... 23

Federal Rules of Civil Procedure Rule 56 ............................................................. 23

*Ferguson v. Koch*(1928) 204 Cal. 342, 347 .......................................................... 8

*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 265.) ............. 22

*Garaux v. Pulley,* 739 F.2d 437, 439 (9th Cir.1984) .............................................. 4

*Garcia v. Superior Court,* 42 Cal. 4th 63, 63 Cal. Rptr. 3d 948, 163 P.3d 939 (2007) ......................................................................................................... 22

*Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp.2d 895, 905 (2009) citing *Santa Maria,* 202 F.3d at 1178 ............................................................................. 15

***Glaski v. Bank of America**, 218 Cal. App. 4th 1079 ........................................... 25

*Hardwood v. Bank of Am.*, No. 2:10-cv-02450-GEB-KJM, 2010 WL 5287539, at *3 (E.D. Cal. Dec. 17, 2010) ...................................................................... 16

in *Biakanja v. Irving*, 49 Cal.2d 647 (1958) ...................................................... 10, 11

*J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 804-05 (1979) ........................................ 11

*Javaheri v. JP Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 62152 ........... 19

*Johnson v. Mitsubishi Digital Elecs. Am., Inc.*, 365 F. App'x 830, 832 (9th Cir. 2010). ........................................................................................................... 16

*Jordan v. Star Trak Entm't, Inc., No.* CV 09-5123 RSWL (FMGx), 2010 WL..... 21

*Junod v. Dream House Mortgage Co., No.* CV 11-7035-ODW (VBKx), 2012 WL 94355, at \*4 (C.D. Cal. Jan. 5, 2012) .................................................................. 13

***Lee*, 250 F.3d at 688.** ......................................................................................... 5, 6

*McGough v. Wells Fargo Bank, N.A.*, No. C12-0050 TEH, 2012 WL 2277931, at \*5 (N.D. Cal. June 18, 2012).................................................................................. 15

*Medrano v. Flagstar Bank, FSB,* et al ................................................................... 13

*Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at \*3 (E.D. Cal. Jan. 11, 2010)...................................................... 14

***Mullis v. United States Bank. Ct.*, 828 F. 2d 1385, 1388, fn. 9 (9th Cir. 1987)** .... 6

*New York Life Ins. Co. v. Viglas*, 297 U.S. 672, 678 (1936) ................................. 12

*Nymark* ................................................................................................................... 10

*Osei v. Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1249 (E.D. Cal. 2010) . 9, 10

*Queen v. Walker*, No. 2009-cv-3428, 2010 U.S. Dist. LEXIS 67263, 2010 WL 2696720 (D. Md. July 7,2010) ........................................................................... 15

*Riverisland Cold Storage v. Fresno-Madera Production Credit Ass'n* 55 Cal.4th 1169 (2013) ...................................................................................................... 8

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-534 (9th Cir. 1984) .. 8

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986) .......................................................................................................... 20

*Scott Call Jolley v. Chase Home Finance,* LLC 2013 DJDAR 1954 (Cal. App. 1st Dist. Feb 11,2013)............................................................................................. 11

*Sedima, S.P.R.L. v. Imerex Co.*, 473 U.S. 479,496 (1985) .................................... 20

*See United States v. Sears*, 663 F.2d 896 (9th Cir. 1981 ....................................... 16

*Shum v. Intel Corp., No.* C-02-03262-DLJ, 2008 WL 4414722, at \*6 (N.D. Cal. Sept. 26, 2008) .................................................................................................. 12

*Stillwell v. Trutanich, 178.* Cal. App. 2d 614 (1960)............................................. 21

*Trauma Service Group v. U.S.*, 104 F.3d 1321, 1325 (Fed. Cir. 1997)................. 12

***U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992)** .......................................................................................... 6

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1180 (C.D. Cal. 2009) ...................................................................................... 10

***United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003);** ................................ 5

*United States v. Sears*, 663 F.2d 896 (9th Cir. 1981 ................................... 11, 18, 19

*UNITED STATES v. UNI OIL, INC.* No. 82-2295.................................................. 20

*Wagner v. Benson*, 101 Cal.App.3d 27, 35 (4th Dist. 1980) ........................ 10

**Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1141 (9th Cir. 2003)** .... 6

*Wise v. Wells Fargo Bank, N.A.,* No. CV 11-8586 CBM (PJWx), 2012 WL 1058887, at *7 (C.D. Cal. Mar. 23, 2012)..................................... 17

**Statutes**

15 U.S.C. § 1640(e) ........................................................................................ 15

15 U.S.C. 1641(g) .......................................................................................... 15

15 U.S.C. 1692 ............................................................................................... 14

28 U.S.C. 2201,2202 ....................................................................................... 9

2924 ......................................................................................................... 18, 19

Cal. Civ. Code § 1788 et seq ......................................................................... 14

California Civil Code Sections 2923.5 ..................................................... 18, 19

**Other Authorities**

12 U.S.C. 2605 ........................................................................................ 13, 14

*5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2D § 1356-57 (2d ed. 1990)* ............................................................... 6

Affidavits – American Jurisprudence February 2012 Rosemary Gregor, J.D........ 22

*Corbin on Contracts* §55.10 (2010) .............................................................. 12

*Restatement 2d of Contracts* §235(2) (1981) ................................................ 12

Shum v. Intel Corp., No. 10-1109 (Fed. Cir. Dec. 22, 2010) ........................ 13

*Williston on Contracts §63:1* (4th ed. 2010) ............................................... 12

*Wright & A. Miller, Federal Practice and Procedure*, § 1216, pp. 235-236 (3d ed. 2004)....................................................................................... 9

**Rules**

Fed. R. Civ. P. 8(a)(2)...................................................................................... 8

**Fed. R. Evid. 201** ........................................................................................... 5

**Fed. R. Evid. 201(b)** .................................................................................. 5, 6

Federal Rule of Civil Procedure 9(b)............................................................ 20

FRCP 17(a)(1) ................................................................................................. 4

**Rule 12(b)(6)** ............................................................................................. 5, 8

**Constitutional Provisions**

Article III ......................................................................................................... 3

JURISDICTION

The Federal District Court had original jurisdiction over the claims in the

actions based on 28 U.S.C. §1332, 1331,1343,2201,2202, 12 U.S.C. § 2605, 15

U.S.C. § 1692, 1641(g), 42 U.S.C. §1983 and under Article II of the Untied States

Constitution, pursuant to 28 U.S.C. §1367. This court of appeals has jurisdiction

under 28 U.S.C. §1291. The district court final judgment under review herein was

entered May 7,2013 (ER 56).  The judgment is based upon the reason set forth

under December 4,2012 (ER 33) dismissing the First Amended Complaint not

applying the SAC with prejudice (ER56). The district court judgment entered May

7,2013, is the final appealable order in this action. We filed our Notice of Appeal

May 14, 2013 (ER 57).  This appeal is timely pursuant to Fed.R.App.P. 4(a)(1).

STANDARDS OF REVIEW

The Ninth Circuit reviews de novo a dismissal of a complaint for failure to

state a claim pursuant to Federal Rules of Civil Procedure, 12(b)(6).  *Ileto v.

Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003). Rule 12(b)(6), testing the legal

sufficiency of the complaint claims, must be read in conjunction with Rule 8,

requiring a "short and plain statement showing that the pleader is entitled to

relief" and containing "a powerful presumption against rejecting pleadings for

failure to state a claim." Id.; *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 248-49

(9th Cir. 1997) (internal citation omitted).

A Rule 12b(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The complaint must be construed in a light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).The court must accept as true all material complaint allegations as well as reasonable inferences to be drawn from those allegations. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998); *Broam,* 320 F.3d at 1028.

## ISSUES PRESENTED

1) Whether the Court erred in granting Defendants dismissal with prejudice, when Defendants offer no evidence to the evidence we provided on the record.

a) Whether the Court committed an error of law or abuse of discretion in considering and relying upon facts outside of a stipulated record without affording the objector the opportunity to engage in discovery relating to the facts that were not part of the stipulated record.

b) Whether the Court committed an error of law or an abuse of discretion in relying upon contested facts in granting dismissal with Prejudice.

c) Whether the Court committed an error of law or abuse of discretion in considering and relying upon facts outside of a stipulated record without affording the objector the opportunity to engage in discovery relating to the facts that were not part of the stipulated record.

d) Whether the Court committed an error of law or an abuse of discretion in granting a motion to dismiss on findings of fact that were not part of the record and were not subject to discovery or cross-examination.

2) Whether the Court committed an error of law or an abuse of discretion in failing to order the Defendants to validate their opposition and address the material facts presented on the record prior to dismissing with prejudice. a) that the record was insufficient to support such an action

This Appeal is first in reference to and that the court erred in not requiring official supporting evidence that was "disputed" as set forth in the guidelines outlined under Federal Rule of evidence 1003, which states "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate. Whereby who has standing and is the Real Party in Interest. Standing is essential jurisdictional element of every foreclosure action commenced by the party commencing the foreclosure action. Standing is a two-part requirement grounded in Article III of the U.S. Constitution that requires a plaintiff to establish both constitutional and prudential standing. *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 11, 124 S. Ct 2301, 159 L.Ed. 2d 98 (2004) In which "defendants" whom are the party in question as to who is the injured party as it

stands on the record we are that party and none of the others have pointed to anything that would state otherwise.

Furthermore prudential standing encompasses the general; prohibition on a litigant's raising another person's legal rights. Under FRCP 17(a)(1) "an action must be prosecuted in the name of the real party in interest." "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced." *Consul General of Republic of Indonesia v. Bills Rentals, Inc.*, 330 F3d 1041, 1045 (8th Cir 2003)

Second this Appeal asks can the Trial Court rule on a motion to dismiss against a Pro Se litigant when none of the defendants have attached any declarations and/or no witness have been presented by the defendants with validity to support their dismissal of our facts/contentions on the record. All responses are done by Counsel and have in no way validated their authority in the case. This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements. *Borzeka v. Heckler,* 739 F.2d 444, 447 n. 2 (9th Cir.1984) (defective service of complaint by pro se litigant does not warrant dismissal); *Garaux v. Pulley,* 739 F.2d 437, 439 (9th Cir.1984). Thus, for example, pro se pleadings are liberally construed, particularly where civil rights claims are involved. *Christensen v. C.I.R.,* 786 F.2d 1382, 1384-85 (9th Cir.1986); *Bretz v.*

*Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). Defendants suggest no reason to treat pro se appellate briefs any less liberally than pro se pleadings. *See Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696 - Court of Appeals, 9th Circuit 1990

Third this appeal asks can the Trial Court allow a Request for Judicial notice when we objected to the request for judicial notice on the record. In addition to the documents being requested were proffered based upon fraud and forgery. If **adjudicative facts** or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003); *see*, Fed. R. Evid. 201(b) ("A Judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial Jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.")

This includes allegations made in pleadings, court orders, and other documents filed in other lawsuits. [1] Judicial notice of matters of public record will not convert a Rule 12(b)(6) motion to a summary judgment motion. *Lee*, 250 F.3d at 688. Judicial notice is proper where a fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of

the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Ninth Circuit has indicated that court files may be judicially noticed. *Mullis v. United States Bank. Ct.*, 828 F. 2d 1385, 1388, fn. 9 (9th Cir. 1987); *see also*, *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992)("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'").The court may also take into account matters of public record, orders, items present in the record of the case, and any exhibits attached to the complaint." *See, 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2D* § 1356-57 (2d ed. 1990); *see also, Coos County Bd. of County Commis v. Kempthorne,* 531 F.3d 792, 811 (9th Cir. 2001). The Court may further "consider documents on which the complaint 'necessarily relies' and whose 'authenticity . . . is not contested." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (citations omitted); *see also, Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 (9th Cir. 2003) (same). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if . . . the document forms the basis of the plaintiff's claim." *See, Committee for Reasonable Regulation of Lake Tahoe v. Tahoe Regional Planning Agency,* 365 F. Supp. 2d 1146, 1153 (D. Nev. 2005).

Fourth can parties whom have no agreement with us, with factual "fraudulent oral misrepresentation", materially defective fraudulent and forged closing commence a non-judicial[1] sale by way of a company whom is not registered in and under the State of California as doing business in CA and utilizing the state statute for a non-judical action when they have no standing to do so. Lacking standing and jurisdiction to be present in this action per their official business name and the state claims.  The California Supreme Court upheld the ultimate result of the Court of Appeal, holding that the parol evidence rule does not exclude evidence of prior oral statements that contradict the terms of a written agreement, in order to establish fraud. 1. Statutory -Code of Civil Procedure section 1856, first enacted in 1872, broadly permits the introduction of evidence relevant to the validity of an agreement and exempts evidence of fraud from the proscription of the parol evidence rule; 2. Case Law - California Supreme Court decisions prior to Pendergrass placed no limitation on the admission of parol evidence to prove fraud in the making of a contract; and 3. Policy -Excluding evidence of prior statements at variance with the terms of a written agreement has the potential to facilitate and encourage fraud, allowing a the parol evidence rule to be used to "shield fraudulent conduct." *Riverisland Cold Storage v. Fresno-Madera Production Credit Ass'n* 55 Cal.4th 1169 (2013) The Court then

---

[1] Non-judicial sale is not governed by Federal laws it's the State's law, whereby First American lacks standing and/ subject matter jurisdiction to utilize and be present in and on

referenced *Ferguson v. Koch*(1928) 204 Cal. 342, 347, noting, "[p]arol evidence is always admissible to prove fraud, and it was never intended that the parol evidence rule should be used as a shield to prevent the proof of fraud." Fraud undermines the essential validity of the parties' agreement. The Court in *Riverisland* expands the evidence a party may introduce to support invalidating a contract based upon fraud and/or fraudulent inducement.

Fifth that our claims in the Amended Complaint do meet the standard with respect to Fed. R. Civ. P. 8(a)(2). Plaintiff's factual allegations do not raise a right to relief above the **speculative level**…. "plausible on its face." *Bell Atlantic Corp. v. Twobly,* 550 U.S. 544,127 S. Ct. 1955, 1974 (2007). A dismissal under Fed. R. Civ. P. 12 (b)(6) can be based on the lack of a cognizable theory or the **absence of sufficient facts** under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984) Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations within a claim must be enough to raise a right to relief above the speculative level. *5 C. Wright & A. Miller, Federal Practice and Procedure*, § 1216, pp. 235-236 (3d ed. 2004)

The Court erred in dismissing our declaratory relief 28 U.S.C. 2201,2202

citing *Chan v. Chancelor,* Civil No. 09cv1839 AJB (CAB), 2011 WL 5914263, at *6 (S.D. Cal. Nov. 28, 2011) ("[B]ecause the other causes of action fail to state a claim, Plaintiffs have not demonstrated the requisite **'substantial controversy'** for declaratory judgment. Moreover, the claim is duplicative of the other claims in the FAC and therefore unnecessary." We did outline a "substantial controversy" in our SAC specifically who are they (?), whereby Defendant's failed to attach any declaration setting forth who they were and providing supporting documentation by a "witness" as to the facts of what they respond with in their replies. There is nothing on the record by a witness by any of the defendants to support their position otherwise.

The Court erred in dismissing our negligence claim citing *Osei v. Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1249 (E.D. Cal. 2010) ("California courts have stated that 'as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" (citation omitted)). Defendants rely on that they do not have a Duty of Care and that Economic Loss Doctrine Bar our recovery. We disagree; a claim is not barred by the economic loss doctrine, which would otherwise preclude recovery for purely economic loss. That doctrine is intended to bar recovery that could be obtained through a breach of contract action. *United Guar. Mortg. Indem.*

*Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1180 (C.D. Cal. 2009). The

doctrine cannot be properly applied to this case; it normally applies in products

liability and construction defect cases where physical injury is even possible and a

contract has been breached. "First, a lender may owe a duty of care sounding in

negligence to a borrower when the lender's **activities exceed** those of a

conventional lender." *Osei v. Countrywide Home Loans*, 692 F.Supp.2d 1240,

1249 (E.D. Cal. 2010); *see Wagner v. Benson*, 101 Cal.App.3d 27, 35 (4th Dist.

1980) ("Liability to a borrower for negligence arises only when the lender `actively

participates' in the financed enterprise `beyond the domain of the usual money

lender.'" (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal.2d 850, 864

(1968))). To determine whether a duty actually existed on the facts of the case, the

*Nymark* court applied the six-factor test established by the California Supreme

Court in *Biakanja v. Irving*, 49 Cal.2d 647 (1958). The *Biakanja* test balances six

non-exhaustive factors:[1] the extent to which the transaction was intended to

affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty

that the plaintiff suffered injury, [4] the closeness of the connection between the

defendant's conduct and the injury suffered, [5] the moral blame attached to the

defendant's conduct, and [6] the policy of preventing future harm. Furthermore,

the same *Biakanja* factors that applied here also provide an exception to the

economic loss doctrine when a special relationship exists between plaintiff and

defendant. See *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 804-05 (1979) In our SAC response on April 22, 2013 Dkt --- we cite *Scott Call Jolley v. Chase Home Finance,* LLC 2013 DJDAR 1954 (Cal. App. 1st Dist. Feb 11,2013) which does uphold the premise set forth in case with regards to "**actions**" of all defendants in representations made to us and cited in our SAC #14-78. In the *Jolley* decision it gave rise to causes of action for misrepresentation and/or promissory estoppel. "Drawing all inferences in favor of the nonmoving party, as we must … we conclude that prolonged communication — perhaps more accurately, miscommunication — about a possible loan modification raises a triable issue of fact of intent by Chase to profit by misleading Jolley about his loan modification prospects, a showing sufficient to withstand summary adjudication." Moreover who loaned what money as a "lender" in our case and what is that. None of the parties today were present in 2005. The Court Defendants are silent on this, in which we believe is an adoptive admission. *See United States v. Sears*, 663 F.2d 896 (9th Cir. 1981

The Court erred in dismissing our Quasi-contract cause of action citing "[a]s a matter of law, a quasi-contract action for unjust enrichment does not lie where an express binding agreement exists and defines the parties' rights." *Shum v. Intel Corp., No*. C-02-03262-DLJ, 2008 WL 4414722, at *6 (N.D. Cal. Sept. 26, 2008). Here, the parties' rights are defined by the note and the deed of trust. What

evidence did the Court have in asserting "defined by the note and the deed of trust"
The defendants never once provide a "note" to the Court, furthermore we dispute
the closing and the Deed of Trust. Defendants never attach a declaration by a
witness-providing authentication of the disputed facts by us. SAC Reply April
22,2013 dkt 51 pg4 ¶ 16. Furthermore, *see New York Life Ins. Co. v. Viglas*, 297
U.S. 672, 678 (1936); *Trauma Service Group v. U.S.*, 104 F.3d 1321, 1325 (Fed.
Cir. 1997) ("a breach of contract is a failure to perform a contractual duty when it
is due"). *See Restatement 2d of Contracts* §235(2) (1981)("When performance of a
duty under a contract is due any non-performance is a breach."); 11-55 *Corbin on
Contracts* §55.10 (2010) ("a breach of contract that causes no injury is still a
wrong to
the other contracting party"); 23 *Williston on Contracts §63:1* (4th ed. 2010) ("a
breach of contract is a failure, without legal excuse, to perform any promise that
forms the whole or part of a contract"). The availability nature of remedy does not
decide whether the contract was breached. Restatement, supra, at §236, cmt. a
("Even if the injured party sustains no pecuniary loss or is unable to show such loss
with sufficient certainty, he has at least a claim for nominal damages."). *Shum v.
Intel Corp.*, *No*. 10-1109 (Fed. Cir. Dec. 22, 2010) Shum was predicated on fraud,
misrepresentation and acts thereafter.

The Court erred in dismissing our 12 U.S.C. 2605 citing fails because their

requests for information do not constitute Qualified Written

Requests ("QWRs") under the Real Estate Settlement Procedures Act ("RESPA")

as they do not relate to the servicing of the loan. *Junod v. Dream House Mortgage*

*Co., No*. CV 11-7035-ODW (VBKx), 2012 WL 94355, at *4 (C.D. Cal. Jan. 5,

2012) ("It is apparent from the alleged QWR that Plaintiffs' request was unrelated

to the servicing of the loan. Rather, the alleged QWR contains largely requests for

documents relating to the original loan transaction and its subsequent history.

Hence, the requests as a whole seek information on the validity of the loan and

mortgage documents. Such requests do not fall within the confines of RESPA.").

We disagree as cited in our SAC Reply April 22,2013 dkt. 51 pg 12 ¶ 17-24.

Specifically *Medrano v. Flagstar Bank, FSB,* et al ., the Circuit expressly adopted

the 7th Circuits approach toward QWR's in *Catalan v. GMAC Mortgage Corp.*, 629

F.3d 676 (7th Cir 2011), holding that no "magic" words are required for QWR's

and "[a]ny reasonably stated written request for account information can be a

qualified written request." And "the statutory duty to respond… RESPA defines

the term 'servicing' to encompass only 'receiving any scheduling periodic

payments from a borrower pursuant to the terms of any loan, including amounts for

escrow accounts… and making the payments of principal and interest and such

other payments." Id. 2605(i)(3)

 The Court erred in dismissing our 15 U.S.C. 1692 citing fails because

Defendants are not "debt collectors" within the meaning of the Fair Debt Collection Practices Act ("FDCPA") & RFDCPA. *Aguirre v. Cal-W. Reconveyance Corp*., No. CV 11-6911 CAS (AGRx), 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) ("[T]he law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." (emphasis in original) (citation and internal quotation marks omitted)). Likewise, "California courts have declined to regard a residential mortgage loan as a 'debt'" under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. *Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010). We disagree; first who are all the parties are in relation to us, which is in the SAC. Furthermore, in SAC Reply April 22, 2013 dkt. 51 14-18 The FDCPA does not preclude "false" collection of a debt; furthermore Defendants Collection efforts are in relation to a Property in which we hold legal title to where Defendants have not presented an undisputed operative standing. *See Queen v. Walker*, No. 2009-cv-3428, 2010 U.S. Dist. LEXIS 67263, 2010 WL 2696720 (D. Md. July 7,2010). Defendants are strangers whom have not pointed to an undisputed document to affirm their actions and/or relation to us today along with no affidavits of witnesses to sustain otherwise.

The Court erred in dismissing our 15 U.S.C. 1641(g) Truth in Lending Act

citing is barred by the applicable one-year statute of limitations. The FAC alleges that the actionable assignment occurred on May 19, 2010. (FAC ¶ 113). But, this lawsuit was filed on July 17, 2012 (see Docket No. 1), and "[t]here is a one-year statute of limitations for violations of this statute." *McGough v. Wells Fargo Bank, N.A.*, No. C12-0050 TEH, 2012 WL 2277931, at *5 (N.D. Cal. June 18, 2012) (citing 15 U.S.C. § 1640(e)). We disagree, First Defendants fail to acknowledge the Court ruling on December 4, 2012 as to the 2010 date and instead insert in their reply to the SAC dkt. 39 pg.12 ¶ 11 where they try to back date the assignments to 2006. In addition in our SAC pg 39 at Foot note 39 we cite If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statue of limitations for filing suit until the plaintiff can gather what information she needs." *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp.2d 895, 905 (2009) citing *Santa Maria*, 202 F.3d at 1178. Furthermore the Court and Defendants remain silent on the fact that these assignments are forged and fraudulent as alleged in our SAC at 54-55, 58, 71(f).

The Court erred in dismissing our Unfair Competition Law ("UCL"), Cal Bus. & Prof. Code 17200 et seq. citing fails because they have received the benefit of performance under the note and deed of trust in the form of the loan proceeds. *Johnson v. Mitsubishi Digital Elecs. Am., Inc.*, 365 F. App'x 830, 832 (9th Cir. 2010) ("Plaintiff's unfair competition claim fails because he lacks standing. In

order to have standing to bring a claim . . . a plaintiff must have 'suffered injury in fact and lost money or property as a result of the unfair competition.' If one gets the benefit of his bargain, he has no standing under the UCL." (citations omitted)); *Hardwood v. Bank of Am.*, No. 2:10-cv-02450-GEB-KJM, 2010 WL 5287539, at *3 (E.D. Cal. Dec. 17, 2010) (dismissing UCL claim for lack of standing in mortgage foreclosure case). We disagree; we have shown how we have lost money and property specifically relating to fraud and all the actions of the defendants in continuing the forgery, fraud and misrepresentations.  Specifically the Defendants are salient on the forgery, in which we believe is an adoptive admission. *See United States v. Sears*, 663 F.2d 896 (9th Cir. 1981

The Court erred in dismissing Breach of Contract Implied Covenant of good faith and fair dealing cite *Wise v. Wells Fargo Bank, N.A.,* No. CV 11-8586 CBM (PJWx), 2012 WL 1058887, at *7 (C.D. Cal. Mar. 23, 2012) ("To prevail on a cause of action for breach of contract, a plaintiff must show the existence of a valid contract, performance or excuse for nonperformance under the contract, defendant's breach, and resulting damage. . . . Because Plaintiff failed to perform under the contract, Plaintiff's breach of contract cause of action fails as a matter of law."). We disagree, as the Court under states, "third claim for relief for quasi-contract fails because… Here, the parties' rights are defined by the note and the deed of trust." We disagree, in one breath the Court and defendants rely on a

supposed Note[2] and Deed of Trust to dismiss the quasi-contract then reference "plaintiff must show the existence of a valid contract". SAC Reply April 22, 2013 dkt. 51 pg 21¶ 8-22.

The Gallagher's' ninth claim for relief for breach of the implied covenant of good faith and fair dealing fails for similar reasons. "To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege: '(1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract require him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.'" *Cunningham v. RBC Mortgage Co.*, No. CIV S-11-1425 KJM-DAD, 2012 WL 1067550, at *4 (E.D. Cal. Mar. 28, 2012). As noted above, the Gallagher's do "not allege that [they] performed fully or substantially in accordance with the terms of the contract." Id. at *5. The Gallagher's "also fail to allege that [their] relationship with [Defendants] was anything more than that of a lender and borrower, thereby precluding a tort remedy for breach of the covenant." Id. We disagree, we have provided monetary evidence of what we thought we were entering into, and what we have been provided by the Defendants is fraudulent and dated for a date we

---

[2] Defendants never supply a Note or a declaration there to ever on the record in addressing our contention.

weren't even present in the "state", in which defendants do not file with the court. In addition, we have never conceded that any of the defendants is a "lender" in relation to us, we have no idea what was lent as we have no wire transfer reference and/or did we receive a check for closing. Where is this derived from off the record of facts before the court?  The Court Defendants are silent on this, in which we believe is an adoptive admission. *See United States v. Sears*, 663 F.2d 896 (9th Cir. 1981

The Court erred in dismissing California Civil Code Sections 2923.5 and 2924 cite because Wells Fargo could execute a notice of default as the authorized agent of the beneficiary, U.S. Bank. (See Wells Fargo RJN Exs. C & D); [we have disputed RJN C&D & formally objected in our SAC 39 and response thereto dkt. 52 ] *Brown v. U.S. Bancorp, No.* CV 11-6125 CAS (PJWx), 2012 WL 665900, at *7 (C.D. Cal. Feb. 27, 2012) (dismissing Section 2924 claim where the "notice of default plainly states that ReconTrust, which recorded the notice of default, acted as an agent for MERS, the beneficiary under the deed of trust"); Cal. Civ. Code § 2923.5 (providing that "mortgagee, trustee, beneficiary, or authorized agent" may file notice of default pursuant to Section 2924) We disagree, and where is the declaration and/or agency contract pertaining to Wells Fargo and U.S. Bank in the record that the Court relies on? In addition, we submitted a Request for Judicial Notice April 22, 2013 in support of our SAC dkt. 39  Whereby exhibits 2-6 show

that the main company whom held the supposed trust is in active Chapter 11 Bankruptcy and sold their serving portfolio to Select Portfolio Servicing, Inc and Penny Mac which is not Wells Fargo. Furthermore the recorded disputed assignments commenced by Wells Fargo are after the date of sale as stated supra. The Court and Defendants are silent to these documents and in turn offer no evidence to the contrary to support their position. The Court Defendants are silent on this, in which we believe is an adoptive admission. *See United States v. Sears*, 663 F.2d 896 (9th Cir. 1981) 2924(a)(1) bar foreclosure by a party without power to do so. *Javaheri v. JP Morgan Chase Bank, N.A.,* 2011 U.S. Dist. LEXIS 62152

The Court erred in dismissing RICO citing "fails because it is not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). See *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065-66 (9th Cir. 2004) ("Rule 9(b)'s requirement that [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity applies to civil RICO fraud claims." (citation and internal quotation marks omitted)). A complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). We disagee, in our SAC Reply April 22, 2013 dkt. Pg 22 ¶ 1-10 we outline the reference to SAC dkt. 39 Specifically, "Five elements to RICO claim (1) conduct, [SAC, 153-163] (2) of

an enterprise, [SAC, 153-156] (3) through a pattern, [SAC,

37,42,45,51,55,58,61,65,71,73,75,76,78] (4) of racketeering activity, [SAC, 153-

156 all of these entities worked in concert] establishing that (5) the defendant

caused injury to the plaintiff's business or property [SAC 14,18,20,39,56,68,76, pg

29,68,106,124,133,139,145]. *See Sedima, S.P.R.L. v. Imerex Co.*, 473 U.S. 479,496

(1985) "What makes the act criminal is not the regulation, but the use of the mails

to carry an <u>untrue document fabricated with fraudulent purpose</u>." *UNITED*

*STATES v. UNI OIL, INC.* No. 82-2295.

     The Court erred in dismissing Accounting citing "fails because"[a]n

accounting is an equitable remedy, not an independent cause of action."

*Jordan v. Star Trak Entm't, Inc., No.* CV 09-5123 RSWL (FMGx), 2010 WL

454374, at *2 (C.D. Cal. Feb. 8, 2010) (citation and internal quotation marks

omitted)." We disagree, "To state a cause of action, only the simplest pleading is

required: The fiduciary relationship or other circumstances appropriate to the

remedy (infra, 777 et seq.) A balance due from the defendant to the plaintiff that

can only be ascertained by an accounting. *See Stillwell v. Trutanich, 178*. Cal. App.

2d 614 (1960)

     The pivotal issue is that the trial Court erred in granting the Defendants RJN

request. Yet with all the material records effectuated upon the court the court still

took judicial notice of documents in which we disputed in the complaints at all

times and even filing a separate contention in April 22,2013 outside of the complaint. "a court may take judicial notice of the fact of a document's recordation, the date the document was recorded and executed, the parties to the transaction reflected in a recorded document, and the document's legally operative language, assuming there is no genuine dispute regarding the document's authenticity. From this, the court may deduce and rely upon the legal effect of the recorded document, when that effect is clear from its face." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 265.) A trial court's ruling on a request for judicial notice is reviewed for an abuse of discretion. (Id. at p. 264.)

An "affidavit" is a voluntary written statement of fact under oath sworn to or affirmed by the person making it before some person who has authority under the law to administer oaths and officially certified to by the officer under his seal of office. The proper function of an affidavit is to state facts, not conclusions. It is made without notice to the adverse party and without opportunity to cross-examine. There is a distinction between types of affidavits: some serve as evidence and advise court as it decides preliminary issues or determines substantial rights where evidence is not in conflict, while others merely serve to invoke judicial power and are pledges of good faith in commencement of suits. See Affidavits – American Jurisprudence February 2012 Rosemary Gregor, J.D.

"Verification" is a type of statement given under oath where the declarant must not only refrain from making a knowingly false statement, but must also have affirmative knowledge of the statement's truthfulness A valid declaration has the same force and effect as an affidavit administered under oath. *Garcia v. Superior Court,* 42 Cal. 4th 63, 63 Cal. Rptr. 3d 948, 163 P.3d 939 (2007) A "verification" is an affidavit attached to the statement as to truth of the matters set forth in the statement. *Eveleigh v. Conness*, 261 Kan. 970, 933 P.2d 675 (1997)

In addition, Federal Rules of Civil Procedure Rule 56 Summary Judgment – states (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion. (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

Defendants fail to provide their standing and validate their actions as stated supra on the record in the case in its entirety; we believe the Court erred when ruling in favor to Dismiss on this fact alone. We provide in the SAC dkt 39 under 14 -24,33, we provide names, dates, factual evidence to support those contentions in exhibits A, B, C, D, G& I. The Defendants and the Court are silent on these contentions.

Defendants then try to advance a theory that is "void" not voidable pursuant to Delaware Trust law.  In our SAC dkt 39 under 35, -37, 54, 55, 58, 65,78 & 69 we provide proof of the inconsistency in the Defendants proposition to the Court. Under 35) we state Plaintiffs upon available and discerned information believe that no "sale" ever took place by way of the purported securitization as it relates to origination of the Plaintiffs obligation as mentioned above and that the alleged "Trust" was not in receipt based on a closing date of August 10,2006. We further base our allegation on duplicate copies deemed "original and/or authenticate note". We then attach for the Court and Defendants in our exhibits H(a)(b) Bankruptcy proof of claims which evidence a "note" which is not endorsed in blank until sometime in "2011" additionally the note is fraudulent with or without the endorsement. The Court and Defendants are silent on this factual allegation raised by us in our complaint. We even go so far as to ask the Court to RJN of the Proof of claims under our April 22, 2013 dkt. 53 under exhibit 8-10. In addition we also

request RJN of the Chapter 11 Bankruptcy which retained the asset selling those assets under the Request for RJN on April 22,2013 dkt. 53 under exhibit 2-6. The Court and Defendants are silent. The Court erred in not requiring the Defendants to validate the record with "facts", instead the Court allows the Defendants to advance some canned spaghetti response not supported by evidence where some lawyer whom we don't know and is clearly not a witness in relation to what those facts are on the record as they weren't there to dismiss our complaint with prejudice. A preliminary review of other Pro Se cases evidences the "canned" responses. We have stated names, dates and requested official documents in a request for RJN that fall within the scope of Federal Rules of Evidence 201, however the Court is silent in considering those. Defendants never object and/or respond to those. A federal Judge takes an oath to apply the law equally, we feel based on the record that we were not offered that in the Courts ruling dismissal with prejudice.

Defendants at no time respond to these factual allegations with any validation, documents and/or affidavits supporting Defendants position in relation to our allegations of forgery, fraud in the origination and the assignments. SAC dkt. 39 under 16,23, 37,45, 51, 54,55 & 58, exhibit G. They offer statements made by counsel, which are not the same as a "witness" affirming facts supporting the Courts decision. Civil Code sections 1709 and 1710, prohibit fraud, Section

1572(3) which prohibits fraudulent concealment and Penal code section 470(d) ,

which bars forgery. ***Glaski v. Bank** of **America**,* 218 Cal. App. 4th 1079

   In closing we request a reversal of the trial courts dismissal with prejudice

for failure to state a claim upon relief can be granted, as well as requesting

summary judgment in favor of us based on the facts presented on the record.

Dated January 28, 2014


        /s/ Matthew F. Gallagher & Melissa A. Gallagher
        Matthew F. Gallagher/ Melissa A. Gallagher